MATTER OF DEA

In Exclusion Proceedings

A-26007015

*Decided by Board July 14, 1982*

(1) An alien makes a request for asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. 1158, only by formally filing a Form I-589, "Request for Asylum in the United States."

(2) Where the alien applicant for admission to the United States filed a Form I-589 asylum application after being placed in exclusion proceedings, jurisdiction over his asylum claim properly lies only with the immigration judge; therefore, the immigration judge's decision terminating exclusion proceedings for lack of jurisdiction is reversed, and the record is remanded for a determination of the applicant's asylum claim and admissibility to the United States.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa

ON BEHALF OF APPLICANT:
Efren Rivera, Esquire
Banco de Ponce Building
Suite 00907
1250 Ponce de Leon Avenue
Santruce, Puerto Rico 00907

ON BEHALF OF SERVICE:
William F. Jankun
Lolita J. Semidey
General Attorneys

Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In his decision of November 20, 1981, the immigration judge ordered these exclusion proceedings terminated due to lack of jurisdiction. The Immigration and Naturalization Service appeals. The appeal will be sustained.

The applicant is a 32-year-old native and citizen of Haiti who arrived in the United States on July 8, 1981, by boat near Miami, Florida. Having no apparent documents with which to enter the United States, he was held in detention by the Service, and on July 27, 1981, he was served with a Form I-122, "Notice to Applicant for Admission Detained for Hearing Before Immigration Judge," alleging that he was excludable from admission to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), as an immigrant not in possession of a valid immigrant visa. Service of the Form I-122 placed the applicant under these exclusion proceedings.

The applicant's initial exclusion hearing on August 21, 1981, was apparently adjourned until September 9, 1981. On September 9 the hearing was continued in order to allow the applicant to prepare and file an application for asylum under section 208 of the Act, 8 U.S.C. 1158. The applicant formally filed a Form I-589 "Request for Asylum" on October 9, 1981.[1] Pursuant to federal regulations at 8 C.F.R. 208.7 and 208.10(b), that application was submitted to the United States Department of State, Bureau of Human Rights and Humanitarian Affairs (BHRHA), for its advisory opinion regarding the applicant's asylum claim. Upon receipt of the BHRHA response dated November 2, 1981, the hearing was resumed on November 20, with a new immigration judge now presiding. The applicant then for the first time challenged the immigration judge's jurisdiction to rule on his admissibility and adjudicate his asylum application, arguing that the District Director, by regulation, must first adjudicate his request for asylum.

8 C.F.R. 208.1 provides as follows:

Jurisdiction over any request for asylum made by an applicant for admission at a port of entry shall lie with the District Director having jurisdiction over that port of entry[,] . . . *except that jurisdiction over an asylum request made by an alien after he has been placed under exclusion proceedings* pursuant to 8 C.F.R. 236.2 . . . *shall lie with the immigration judge.*

(Emphasis supplied). *See also* 8 C.F.R. 208.3(a)(2) and (b). 8 C.F.R. 208.9 also specifies that, "Where an application for asylum is denied by the District Director, the applicant may renew his request for asylum before an immigration judge in exclusion . . . proceedings."

The immigration judge ruled that the District Director had been put on notice of a colorable claim to asylum by the applicant prior to placing him under exclusion proceedings, and therefore the District Director must first exercise jurisdiction over the applicant's asylum application as provided in 8 C.F.R. 208.1. Accordingly, the immigration judge held that he had no present jurisdiction over the matter, and he ordered the exclusion proceedings terminated. This was erroneous.

8 C.F.R. 208.2 specifies that, "Applications for political asylum *shall* be made on Form I-589, 'Request for Asylum in the United States.' " (Emphasis supplied.) Thus, the *only* recognized mechanism by which an alien can officially register his request for asylum is through the formal filing of a Form I-589. The filing of the Form I-589 provides a "bright-line" reference for determining when an asylum request is made. It also avoids the delays, inefficiencies, and practical difficulties involved in going behind the record to determine exactly what the alien may have

---

[1] 8 C.F.R. 208.3(b) provides that the filing of an application for asylum made in exclusion proceedings shall also be considered as a request for withholding of exclusion under section 243(h) of the Act, 8 U.S.C. 1253(h).

told Service officers, and in reviewing the subjective judgment of the District Director regarding what claims are "colorable" and what statements suffice to constitute "notice." Furthermore, the issue of asylum jurisdiction does not, in any way, affect the substantive rights of the alien, but concerns merely how procedurally he will obtain administrative assessment of his allegations of persecution, i.e., whether the District Director or the immigration judge will first adjudicate his asylum claim. The above factors militate in favor of viewing the actual filing date of the Form I-589 application as being determinative of the time when an alien is considered to have made a request for asylum.

In view of the foregoing, we hold that where an alien applicant for admission to the United States files a Form I-589 request for asylum after being placed in exclusion proceedings, jurisdiction over his asylum claim properly lies only with the immigration judge. Here, the applicant was placed in exclusion proceedings by service of the Form I-122 on July 27, 1981, and he subsequently filed his Form I-589 request for asylum on September 9, 1981. Therefore, jurisdiction exists only with the immigration judge to adjudicate the applicant's asylum application as a part of these exclusion proceedings. Accordingly, the immigration judge's decision terminating these proceedings for lack of jurisdiction will be reversed, and the record will be remanded for a determination of the applicant's asylum claim and admissibility to the United States.

ORDER: The appeal is sustained and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and entry of a new decision.